**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ROBERT PROVANCE, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> CENTRAL CREDIT SERVICES, ) <br> ) <br> Defendant ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

ROBERT PROVANCE ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CENTRAL CREDIT SERVICES ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Ohio and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Cleveland, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with corporate headquarters located at 9550 Regency Square Blvd., Suite 602, Jacksonville, FL 32225.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Within the one year period preceding the filing of this Complaint, and continuing through February 2017, Defendant's collectors placed repeated harassing telephone calls to

Plaintiff on his cellular telephone seeking to collect this alleged debt.

18. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and/or a pre-recorded voice.

19. Plaintiff knew Defendant was using an automatic telephone dialing system and/or a pre-recorded voice as he would hear an automated message play before being transferred to a live caller.

20. Desiring to stop the repetitive calls from Defendant, Plaintiff spoke to Defendant in July 2016 and requested Defendant stop calling him regarding this alleged debt.

21. Once Defendant knew its calls were not wanted and to stop calling, any further calls could only have been for the purpose of harassment.

22. Plaintiff reiterated this request on several occasions.

23. However, Defendant continued to call through February 2017.

24. Defendant's calls were not for emergency purposes.

25. During a call in or around November 2016, Defendant also threatened Plaintiff with legal action if the debt was not paid.

26. Upon information and belief, Defendant did not intend to take legal action against Plaintiff but made this threat in order to coerce payment from Plaintiff.

27. These calls were particularly annoying to Plaintiff as he suffered from insomnia and other health issues at the time these calls were being received.

28. Ultimately in order to stop the calls Plaintiff was forced to download an application to his cellular telephone to block Defendant's calls.

29. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

30. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant violated §§ 1692d and 1692(5) when it called Plaintiff repeatedly and continuously despite Plaintiff's request for calls to cease.

**COUNT II**
**DEFENDANT VIOLATED §§1692e, e(5) and e(10) OF THE FDCPA**

33. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

35. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant violated §§ 1692e, e(5) and e(10) of the FDCPA when it threatened to take legal action against Plaintiff without the intent to take such action.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

39. Defendant's calls to Plaintiff were not made for emergency purposes.

40. Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

41. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

42. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, Central Credit Services, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Robert Provance, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 21, 2017                KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-788-2864
Email:  aginsburg@creditlaw.com